**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLYDE W. BEAL,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
SF-0831-14-0582-C-1

DATE: February 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clyde W. Beal</u>, Barstow, California, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement of an earlier Board decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant challenged the reconsideration decision of the Office of Personnel Management (OPM) finding that his retirement annuity was properly computed without crediting his 8 years of post-1956 military service.  On appeal, the administrative judge found that, because the appellant's appointment with the Department of the Navy commenced on September 30, 1982, and not on October 3, 1982, as OPM found, he was not required to make a deposit to secure inclusion of his post-1956 military service in the computation of his annuity.  On the appellant's petition for review, the Board agreed, *Beal v. Office of Personnel Management*, 122 M.S.P.R. 210, ¶ 8 (2015), and ordered OPM to recompute his annuity from September 30, 1982, including as proper his post-1956 military service without requiring him to make a deposit, *id.*, ¶ 9.

¶3        The appellant filed a petition for enforcement claiming that OPM had not yet complied with the Board's decision.  Compliance File (CF), Tab 1.  In response, OPM explained that it just had completed the required actions, that it had increased the appellant's gross monthly annuity from $1,754 to $2,362, which he would begin receiving with his May 1, 2015 annuity payment, and that it had authorized a gross retroactive payment of $32,568 ($26,055 after the withholding

of $6,513 in Federal taxes). CF, Tab 4. In response, the appellant acknowledged the deposit into his account of $26,055, but he claimed that he had not received an explanation of the computations. CF, Tabs 6-7. After the administrative judge convened a status conference with the parties, CF, Tab 8, OPM provided evidence that it had shared with the appellant a Paid and Due Calculation document explaining how it had arrived at its calculations, CF, Tab 9 at 4-5. The appellant replied that the summary of payments was "suspect," and he questioned the amount of taxes withheld. CF, Tab 10.

¶4  The administrative judge denied the appellant's petition for enforcement. CF, Tab 11, Compliance Initial Decision (CID) at 1, 8. She considered the appellant's claim that the Summary of Payments documents he submitted differed somewhat from the Paid and Due Calculation document OPM submitted in that the dollar amounts were not identical for the same period. CID at 5. The administrative judge found, however, that the two documents did not, in fact, cover the exact same periods which accounted for the discrepancy, that the Summary of Payments documents the appellant presented were otherwise consistent with the Paid and Due Calculation document, and that it accurately reflects the amount of gross annuity originally paid to him as well as the amount of annuity after his post-1956 military service was credited. CID at 6. The administrative judge further found that the appellant's bare allegation of suspicion regarding OPM's documentation provided no basis to challenge the accuracy of the agency's Paid and Due Calculation document. CID at 6. In addressing the appellant's claim that OPM withheld an excessive amount of taxes, the administrative judge found that, to the extent the appellant was correct, he could obtain a refund from the Internal Revenue Service (IRS) when he files a tax return. CID at 7.

¶5	The appellant has filed a petition for review.[2]  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition.  PFR File, Tab 3.

¶6	The agency has the burden of establishing compliance with a final Board order.  *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 441 (1996).  It can meet this burden by producing relevant, material, and credible evidence of compliance in the form of documentation or affidavits.  *Id.* at 443.  The appellant may rebut this evidence only by producing nonconclusory and supported allegations to the contrary.  *King v. Department of the Navy*, 98 M.S.P.R. 547, 551 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006).  We agree with the administrative judge that OPM submitted credible evidence of compliance with the Board's order; specifically, the Past and Due Calculation document, which showed, for periods from August 1, 2010,[3] through March 31, 2015, the annuity amounts paid and due, the difference between the two over the entire time ($32,568), and that amount less taxes withheld ($26,055), which was deposited into the appellant's account.  CID at 6.  We further agree with the administrative judge that the appellant has not rebutted this evidence because his allegations are unsupported.  As noted, the administrative judge considered the appellant's claim that the figures on the Summary of Payments documents were somewhat inconsistent with those on the Past and Due Calculation document, but she provided a reasonable explanation for the discrepancy, which the appellant has not challenged on review.

¶7	The appellant argues, as he did below, that OPM has withheld an excessive amount in taxes.  PFR File, Tab 1 at 1.  If the appellant wishes to contest this

---

[2] The appellant also requested an extension of time, explaining that he sought from OPM a complete Summary of Payments records and was awaiting a response.  PFR File, Tab 1 at 1-2, 9.  The Clerk of the Board granted the appellant an extension until October 2, 2015, PFR File, Tab 2, but he did not submit anything further.

[3] When the appellant retired, he was in receipt of Office of Workers' Compensation Programs compensation, and he elected to receive a Civil Service Retirement System annuity effective August 1, 2010.  CID at 2.

matter, he is free to file a claim for a tax refund from the IRS. *See Henderson v. Office of Personnel Management*, 92 M.S.P.R. 383, ¶ 7 n.2 (2002), *overruled on other grounds by Simpson v. Office of Personnel Management*, 96 M.S.P.R. 52 (2004).

¶8     With his petition for review, the appellant has submitted two of the Summary of Payments documents and the Paid and Due Calculation document. PFR File, Tab 1 at 11-13. Because these documents were part of the record below, they do not constitute new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is

available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.